# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JERMAINE R. WALKER | * | CIVIL ACTION |
| | * | |
| | * | NO: |
| VERSUS | * | |
| | * | SECTION: |
| | * | |
| WINN-DIXIE MONTGOMERY, L.L.C. | * | |
| D/B/A WINN-DIXIE STORE NO. 1431, | * | MAGISTRATE: |
| OFFICER GALLIANO, OFFICER | * | |
| WALLOW, AND THE CITY OF | * | |
| WESTWEGO | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff **Jermaine R. Walker**, a person of the full age of majority and domiciled in the Parish of Jefferson, State of Louisiana, and with respect, represents as follows:

## PRELIMINARY STATEMENT

This is a civil rights action under 42 U.S.C. §1983 and action for damages under Louisiana Law arising out of incidents occurring in Westwego, Louisiana, to which Plaintiff, Jermaine R. Walker, was subjected to excessive force, falsely detained without arrest and injured during the process. During the incident, Plaintiff was racially profiled as a thief, assaulted and battered without provocation or justification, and defamed, causing serious physical, mental and emotional injuries. Plaintiff alleges a relationship between defendants, City of Westwego, through its police officers, and Winn Dixie, that resulted in a conspiracy between the parties, in the detention and resulting damages sustained by plaintiff.

## PARTIES

1.  Plaintiff, **Jermaine R. Walker**, is a person of the full age of majority and domiciled in the Parish of Jefferson, State of Louisiana;

2.  Defendant, **Winn-Dixie Montgomery, L.L.C. d/b/a Winn-Dixie Store No. 1431**, (hereinafter referred to as "Winn-Dixie"), a foreign corporation authorized to do and doing business in the Parish of Jefferson, State of Louisiana and whose principal place of business is in the State of Florida; and,

3.  Defendant, **City of Westwego**, is a municipal entity based in Louisiana responsible for establishing its policy, practice, and procedure for its police department, The Westwego Police Department.

4.  Defendant, **Officer Galliano**, a person of the age of majority and believed to be domiciled in the Parish of Jefferson, State of Louisiana, and was at all material times hereto, employed by the Westwego Police Department as acting as the agent of defendant, The City of Westwego, and who acted at all material times hereto under color of state law in his apprehension, assault and battery of Plaintiff.

5.  Defendant, **Officer Wallow**, a person of the age of majority and believed to be domiciled in the Parish of Jefferson, State of Louisiana, and was at all material times hereto, employed by the Westwego Police Department as acting as the agent of defendant, The City of Westwego, and who acted at all material times hereto under color of state law in his apprehension, assault and battery of Plaintiff.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over the claims set forth herein pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, and the amount in controversy exceeds the sum or value of $75,000.00.

5.  Venue is proper in the United States District Court for the Eastern District of Louisiana under

28 U.S.C.A. § 1391. The incident made the basis of this claim occurred in Jefferson Parish, State of Louisiana which makes the Eastern District of Louisiana the district in which all of the events or omissions giving rise to the claims occurred.

## FACTS

6. On or about August 23, 2012, a Thursday, at about 6:30 p.m., Plaintiff, Jermaine R. Walker, an African American male, age 36 at the time, lawfully entered the premises as a business invitee and customer of defendant Winn-Dixie's store, Store No. 1431, which is located in the Westwood Shopping Center at 1070 Westbank Expressway, in the town of Westwego, Louisiana.

7. The plaintiff was a "Rewards Card" holder at the defendant's store.

8. Plaintiff shopped and collected approximately 10 or 11 items of groceries before proceeding to the cash register to pay for the items in his shopping card which he intended to purchase.

9. Unknown to plaintiff, at the time he proceeded to defendant's check out counter to pay for his groceries, which included raw chicken, the defendant was having a "Buy One, Get One Free" special on said chicken.

10. At the check out counter, plaintiff completed his transaction and paid for all of his groceries, including the chicken that was on sale, during which time defendant Winn-Dixie's employee/cashier instructed Mr. Walker to return to defendant Winn Dixie's Meat Department to pick up another package of chicken so as to take advantage of the store's sale.

11. Mr. Walker complied and returned to the store's meat cooler, still with his shopping cart, but this time with all of the items he purchased having been bagged by the cashier, and picked up his "Buy one, Get

One Free" pack of chicken, placed it into one of his grocery bags, and exited the store, all with the complete consent and knowledge of the defendant's employee/cashier.

12.     The plaintiff was allowed to exit the store, without any representative(s) of defendant, Winn Dixie, approaching him, stopping him or asking to see his receipt for payment of groceries.

13.     Another employee of defendant, Winn Dixie, concluding that defendant's Reward Card member was a thief, based entirely on a visual observation of plaintiff's race, contacted defendant, City of Westwego's Police Department and reported that plaintiff had stolen a pack of chicken from its store, without first ascertaining any facts from other store employees to explain the obvious - that the plaintiff was in the store with all of his items already bagged by defendant's cashier.

14.     By the time of defendant Winn Dixie's false report of shoplifting to the Westwego Police Department, Mr. Walker had already loaded his purchased items into his car and drove to another store, Dollar General, where he also shopped and purchased items.

15.     Several minutes later, and after concluding his purchase of items at Dollar General, plaintiff, Walker, loaded those items into his car and proceeded to go to his home, at which time he was stopped in his vehicle and approached by two police officers employed with the Westwego Police Department, Officers Galliano and Wallow, both displaying an overly aggressive attitude towards plaintiff.

16.     Officers Galliano and Wallow ordered Mr. Walker to turn off his engine and instructed him to produce his driver's license and registration.

17.     While complying with the Officers' demand to retrieve his registration, when Plaintiff leaned over to get the registration out of his glove compartment, Officer Galliano violently grabbed Mr. Walker's left

arm and began forcefully twisting it while Officer Wallow opened Plaintiff's car door and pulled him from his vehicle.

18.     At no time did either Galliano or Wallow inform Mr. Walker that he was under arrest, or that he did anything wrong, and it was not until after they handcuffed him that they advised him that he was being detained for shoplifting at defendant, Winn Dixie's store, all of which was done in full view of the public, causing plaintiff great humiliation and embarrassment and damages due to their defamatory conduct.

19.     Plaintiff advised Officers Galliano and Wallow that he had in fact paid for everything and offered to show the officers his receipt from defendant Winn Dixie's store.

20.     Officer Galliano then called Winn Dixie and seized some of the items Mr. Walker purchased from defendant Winn-Dixie at 6:30 p.m. into his patrol car.

21.     At about 7:11 p.m., the investigating police officers were advised by someone at Winn Dixie, confirming plaintiff's innocence and that he did not steal anything.

22.     Mr. Walker was taken out of the patrol car near the entrance of defendant Winn-Dixie's store and in full view of other customers and the general public, and Officer Galliano removed the handcuffs from Mr. Walker's wrists.

23.     Mr. Walker's groceries were taken into defendant Winn-Dixie's store and left at the customer service counter where Mr. Walker waited for a refund.

24.     Plaintiff then walked back to his car which was parked where he had been apprehended about half a mile away.

25.     Plaintiff then returned to defendant Winn-Dixie's store at 7:27 p.m. to return the remainder of

- 5 -

the items he purchased from defendant Winn-Dixie at 6:30 p.m. that day.

30. At all material times, Officers Galliano and Wallow acted as the legal agents of the City of Westwego and are liable as if any representative of Westwego committed the aforementioned conduct, and likewise making the City of Westwego liable for their actions.

31. At all material times, Westwego's policy, practice and procedure for the oversight of its officers was a proximate cause of the aforementioned misconduct.

32. As a direct result of the actions of defendant, Winn-Dixie, and the City of Westwego, Plaintiff, Jermaine R. Walker suffered severe physical and mental personal injuries, and violations to his civil rights.

33. That as a direct result of the incident sued upon herein Plaintiff, Jermaine R. Walker, has sustained serious physical injuries, including but not limited to injuries to his neck with associated radiculopathy extending into his left upper extremity, left shoulder, left forearm, and left wrist.

34. As a result of the incident, Plaintiff, Jermaine R. Walker, has sustained the following but not limited itemized damages, the value of which exceeds the jurisdictional amount required for a jury trial in this matter:

    A.    Loss of earnings, past and future;

    B.    Hospital, medical and drug expenses, past and future;

    C.    Physical and mental pain and suffering, past and future;

    D.    Loss of enjoyment of life;

    E.    Permanent disability;

    F.    Punitive damages;

G. Defamation damages; and

H. Other items of damages which will be shown at the time of trial.

## COUNT ONE
### State Law Negligence Claims Against Defendant, Winn-Dixie
### (La. Civil Code art. 2315)

35. In improperly exercising its authority to detain and arrest shoplifters to cause plaintiff to be detained by the Westwego Police Department;

36. In violating La. Code of Criminal Procedure, Art. 215

37. In failing to train its employees in the proper method of dealing with suspected shoplifters;

38. In failing to use reasonable methods to determine if merchandise had been stolen from the defendant's store;

39. In instructing its employees or representatives to detain the plaintiff off of the store's premises;

40. In causing the wrongful detention of plaintiff;

41. In failing to properly supervise its employees/representatives;

42. In improperly maintaining a policy, practice and procedure for the oversight of its employees in dealing with customers suspected of shoplifting; and

43. Other acts of negligence and intent which will be shown at the time of trial.

## COUNT TWO
### Other State Law Claims Against Defendant, Winn-Dixie
### (Defamation/Racial Profiling)

44. In defaming plaintiff's character by taking actions which a reasonably prudent person would

expect would result in the public detention and apprehension of plaintiff, without taking any precautions whatsoever to ascertain plaintiff's guilt or innocence as a shoplifter;

45.     In racially profiling the plaintiff, by requesting the arrest and detention of plaintiff, with no other information about his guilt or innocence other than his race;

## COUNT THREE
**Conspiracy as to Defendants City of Westwego, Officer Galliano, Officer Wallow and Winn Dixie**

46.     That defendants, Winn Dixie, the City of Westwego, Officers Galliano and Wallow engaged in actions constituting conspiracy in the detention, assault, defamation and racial profiling of plaintiff.

## COUNT FOUR
**42 U.S.C. § 1983 - Violation of Fourteenth Amendment Rights Against Westwego**

47.     All previous paragraphs are incorporated herein by reference as if set forth fully here.

48.     Defendant City of Westwego was responsible for ensuring that its officers operated in a manner that did not violate constitutional rights.

49.     Upon information and belief, Defendant Westwego and its representatives participated in and were personally aware of the policy, practice, and procedure that led to the circumstances and the frequent use of excessive and unjustified force against Walker.

50.     Defendant Westwego under color of state law, violated Plaintiff's Fourteenth Amendment right to be free from the use of excessive and unjustified force in that, upon information and belief, the actions described above were part of a *de facto* policy or custom of Westwego's police department.

51.     The City of Westwego violated Plaintiff's Fourteenth Amendment right tp be free from the use

of excessive and unjustified force, in that, upon information and belief, they failed to properly screen, hire, train, supervise, control, investigate, and/or discipline its officers in deliberate indifference to Mr. Walker's constitutional rights.

52. The City of Westwego violated Plaintiff's Fourteenth Amendment rights to be free from excessive and unjustified force in that, upon information and belief, the force used against Plaintiff as described above, was a pattern of excessive and unjustified force by Westwego officers that continued with deliberate indifference, acquiescence, tacit approval and/or encouragement of Westwego.

53. Upon information and belief, plaintiff was injured as a result of Westwego's *de facto* custom or policy of allowing or encouraging officers - at times by example - to use excessive and unjustified force.

54. The force used against Plaintiff was calculated neither to end a disturbance nor restore discipline, but was instead inflicted maliciously, sadistically, and intentionally for the purpose of causing harm to Plaintiff.

55. The injuries caused by Defendants' conscious and voluntary acts were serious and resulted in lasting damage. Plaintiff suffered, and continues to suffer, physical damage, as well as emotional and mental pain and suffering.

## COUNT FIVE
### State Law Claims of Assault and Battery Against Galliano and Wallow

56. All previous paragraphs are incorporated herein by reference as if set forth fully here.

57. Defendants, Galliano and Wallow, committed assault and battery against Plaintiff.

58. Defendants committed numerous batteries on Plaintiff when, intending to hurt him, they deliberately inflicted bodily harm on him without provocation or justification. These intentional batteries

committed by Defendants were committed without Plaintiff's consent, were offensive, and caused him serious bodily harm.

59.     As a consequence of the assaults and intentional batteries committed by Defendants without Plaintiff's consent, Plaintiff was physically harmed, and endured, and will continue to endure, physical, emotional, and mental pain and suffering.

60.     The City of Westwego's practices, procedures, and policies were a proximate cause of the assault and battery.

61.     The City of Westwego's supervision of its officers was a proximate cause of the assault and battery.

## COUNT SIX
### State Law Negligence Claims
### Against All Defendants

62.     All previous paragraphs are incorporated herein by reference as if set forth fully here.

63.     Defendants' conduct constitutes negligence against Plaintiff under Louisiana state law.

64.     Defendants injured Plaintiff, as described herein, with total disregard for his well-being, and their conduct constituted a gross deviation below the standard of care expected of a reasonable person in the same situation.

65.     Defendants' conduct was a proximate cause of the Plaintiff's injuries.

66.     As a consequence of the injuries inflicted by Defendants, Plaintiff has endured, and will continue to endure, physical, emotional, and mental pain and suffering.

67.     The City of Westwego's practices, procedures, and policies were a proximate cause of the

negligence.

68. The City of Westwego's supervision of its officers was a proximate cause of the negligence.

## SOLIDARY LIABILITY

69. Plaintiff maintains that all defendants are liable, in solido, for the misconduct stated herein.

## JURY TRIAL DEMAND

70. Plaintiff demands a jury trial to resolve all claims brought herein.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that after due proceedings, judgment be entered in favor of Plaintiff and against Defendants, jointly and *in solido*, and that this Court:

71. Award Plaintiff all compensatory damages reasonable under the circumstances, including physical pain and suffering, mental anguish, emotional distress, medical expenses, loss of enjoyment of life, and any other compensatory damages for each count alleged in the Complaint;

72. Award Plaintiff punitive damages against all defendants for each such applicable count alleged in this Complaint;

73. Award Plaintiff reasonable attorneys' fees, expert fees, and court costs under 42 U.S.C. § 1983 claims;

74. Award Plaintiff reasonable attorneys' fees and court costs under state law for the prosecution of his state law claims; and,

75. Award Plaintiff legal interest on all damages awarded from the date of judicial demand until paid.

/S/ GREGORY P. DI LEO
**GREGORY P. DI LEO, LSBA #4943**
**BENJAMIN W. GULICK, LSBA #34874**
Attorney for Plaintiff, Jermaine R. Walker
300 Lafayette Street, Suite 101
New Orleans, LA 70130
Telephone: (504) 522-3456
Facsimile: (504) 522-3888
E-mails: contact@gregdileo.com
bengulick@gregdileo.com

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon opposing counsel of record by electric filing with the Clerk of Court by using the CM/EFC system which will send a notice of electronic filing to counsel for all parties this  23RD   day of, 20.

August, 2013.

/S/ GREGORY P. DI LEO
**GREGORY P. DI LEO, ESQ.**
**BENJAMIN W. GULICK, ESQ.**

WALKER, JERMAINE\ PETITION - USDC\ sw