```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JERMAINE R. WALKER                              CIVIL ACTION

VERSUS                                          NO: 13-5547

WINN-DIXIE MONTGOMERY,                          SECTION: "A" (5)
LLC, ET AL.
```

### ORDER AND REASONS

Before the Court is a <u>Motion for Summary Judgment (Rec. Doc. 25)</u> filed by defendants Officer Galliano, Officer Wallow, and the City of Westwego. Plaintiff Jermaine R. Walker opposes the motion. The motion, set for hearing on April 23, 2014, is before the Court on the briefs without oral argument.

On August 23, 2012, Plaintiff was shopping in the Winn-Dixie store located at 1070 Westbank Expressway in Westwego, Louisiana. After Plaintiff completed the purchase of goods from the Winn-Dixie, a store employee contacted the Westwego Police Department and reported that Plaintiff had committed a theft.

Officers Galliano and Wallow of the Westwego Police Department responded to the report and stopped Plaintiff as he was driving in his vehicle. Plaintiff alleges that in the course of this stop, Officer Galliano violently grabbed Plaintiff's arm without provocation, twisting and injuring it as Officer Wallow opened the

1

door to the vehicle, pulled Plaintiff from the vehicle, and placed him in handcuffs. The officers contend that any force they used on Plaintiff was justified. According to the officers, Plaintiff was instructed three separate times to turn off his vehicle's engine, but refused to comply. The officers claim they then observed Plaintiff remove his right hand from the steering wheel out of view and towards the vehicle's shift, at which point the officers took action. After Plaintiff was detained, the officers' investigation revealed that no theft had occurred and Plaintiff was released.

On August 23, 2013, Plaintiff filed this lawsuit against Winn-Dixie, Officer Galliano, Officer Wallow, and the City of Westwego. Plaintiff subsequently entered a negotiated settlement agreement with Winn-Dixie and Winn-Dixie was dismissed from this lawsuit. Against the remaining Defendants, Plaintiff alleges causes of action for: conspiracy; negligence; assault and battery by the officers; and violation of his 14th Amendment rights by the City of Westwego as a result of custom, policy, or practice that permitted a pattern of excessive and unjustified force. Defendants deny the allegations and have set forth affirmative defenses, including: qualified immunity; Plaintiff's failure to comply with the commands of law enforcement; and Plaintiff's failure to state a claim for which relief can be granted.

Defendants have filed the instant motion for summary judgment, arguing that Plaintiff lacks evidence to prove his claims and that the claims should therefore be dismissed as a matter of law. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] In order to survive a motion for summary judgment, a nonmoving party who will bear the burden of proof at trial on a dispositive issue must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."[2] The mere existence of a scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a properly supported motion for summary judgment.[3] Rather, the nonmoving party must present evidence on which a jury could reasonably find for the plaintiff.[4]

---

[1] Fed. R. Civ. P. 56(c); *Celotex Corporation v. Catrett*, 477 U.S. 317, 322 (1986).

[2] *Celotex*, 477 U.S. at 322.

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[4] *Id.*

In support of the instant motion, Defendants first offer Plaintiff's answers to the interrogatories they propounded upon him. In the interrogatories, Defendants sought any evidence Plaintiff had to prove his claims asserted in the complaint. In his responses, Plaintiff objected to the prematurity of each interrogatory on the basis that discovery was incomplete and ongoing. While Plaintiff's objections reserved the right to supplement his responses following further investigation and discovery, Defendants contend that Plaintiff has not done so.

In further support of the instant motion, Defendants offer the affidavits of Officers Gagliano and Wallow, as well as that of Dwayne Munch, the chief of police for the City of Westwego. The affidavits of the officers purport to establish that each officer was properly trained and that their actions in this incident were in accordance with their training and were justified by Plaintiff's failure to comply with the officers' directives. The affidavit of Chief Munch purports to establish that as the sole policy making authority within the Westwego Police Department, he maintains an official written policy which prohibits the use of excessive force and also provides officers adequate training on the proper use of force.

In his opposition to the instant motion, Plaintiff states that the lawsuit was filed "on good faith information and belief based on [Plaintiff's] recollection of the material facts and on the expectation that surveillance footage recorded by the defendants would confirm the same."[5] Plaintiff's brief goes on to state that "[s]urveillance footage produced in response to discovery propounded on Officers Galliano and Wallow neither confirms nor contradicts the Plaintiff's allegations regarding his detention and injury, and, as a result of the settlement and release, Plaintiff is unable to obtain further discovery from Winn-Dixie that would confirm said allegations."[6] Plaintiff admits that he "is presently unable to offer evidence controverting the defendants' Statement of Uncontested Facts and/or supporting affidavits."[7]

The Supreme Court has stated that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."[8] Upon reviewing Defendants' motion and Plaintiff's opposition thereto, the Court

---

[5] Rec. Doc. 32, at pg. 2.

[6] *Id.*

[7] *Id.*, at pg. 3.

[8] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

finds that Plaintiff lacks the evidence required to meet his burden of proof on any of his claims and that there is no genuine issue for trial.  Plaintiff's claims should therefore be dismissed.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the Motion for Summary Judgment (Rec. Doc. 25) filed by defendants Officer Galliano, Officer Wallow, and the City of Westwego is **GRANTED**.  The claims of plaintiff Jermaine R. Walker are dismissed with prejudice.

June 12, 2014

_____
Judge Jay C. Zainey
United States District Court